```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF ALABAMA
                    MIDDLE DIVISION
```

MADELINE SWANSON,                )
                                 )
        Plaintiff,                )
                                 )
vs.                              )              CV95-S-2927-M
                                 )
BRUNO'S, INC., ET AL.,           )
                                 )
        Defendants.              )

                    **MEMORANDUM OPINION**

This action is before the court on plaintiff's motion to strike the supplemental affidavits of Frank Gibbs and Tom Sherk, and, defendants' motion for summary judgment. The parties to this action have displayed little regard for this nation's finite timber supply in their filing of papers on the subject motions, and even less regard for this court's eyesight and patience: both of which fail when overburdened with absurd quantities of pulp. In an attempt to countervail the parties' onslaught on our country's forests, this court will address the subject motions in an abbreviated fashion.

### I. PLAINTIFF'S CLAIMS

Plaintiff, Madeline Swanson, alleges that on April 2, 1992, defendants, Bruno's Inc., Bruno's Inc. d/b/a Food World Store # 143, Bruno's, Inc. d/b/a Food World, Inc., and Food World, Inc. (hereinafter collectively referred to as "Bruno's"), denied her a position as a part-time meat apprentice at Food World Store #143 in Guntersville, Alabama, because of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 (42 U.S.C. §§ 2000e et seq.). (Amended Complaint, ¶¶ 7-

47

24.) Swanson claims that when she finally was awarded the part-time meat apprentice position in April of 1994, as a result of arbitration, she was paid less than similarly situated male employees in violation of Title VII, and the Equal Pay Act, 29 U.S.C. § 206. (*Id.*, ¶¶ 14, 28-29.) Swanson also alleges that once she was placed in the meat apprentice position, Bruno's subjected her to a hostile work environment due to sexual harassment, and retaliated against her for filing an EEOC charge in violation of Title VII. (*Id.*, ¶¶ 26-27.)

## II. MOTION TO STRIKE

Plaintiff moves to strike the supplemental affidavits of Frank Gibbs and Tom Sherk filed by defendants on March 11, 1997. By order entered February 3, 1997, this court allowed the parties to submit additional evidence in relation to defendants' motion for summary judgment on or before March 11, 1997. Plaintiff argues that "[i]t is fundamentally unfair and a violation of Rule 56 of the Federal Rules of Civil Procedure to permit the defendant[s] to submit additional affidavits in support of its motion for summary judgment without providing the plaintiff the opportunity to submit testimony in opposition thereto." (Plaintiff's Motion to Strike, ¶ 2.) Defendants correctly note that plaintiff cites no authority for the proposition that non-moving parties "must be given the absolute last word in every summary judgment proceeding." (Defendants' Response to Motion to Strike, at 2.) Additionally, by order entered March 20, 1997, this court allowed plaintiff an opportunity to respond to defendants' reply brief. Thus,

2

plaintiff's assertion that she has not had sufficient opportunity to respond to defendants' argument is without merit.

Plaintiff also claims that the supplemental affidavit of Tom Sherk is a "sham," because it contradicts his earlier deposition testimony. The Eleventh Circuit holds that "when a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Van T. Junkins and Associates, Inc. v. U.S. Industries, Inc.* 736 F.2d 656 (11th Cir. 1984). However, if the affidavit is not inherently inconsistent with the earlier testimony, the affidavit will not be considered a sham. *Id.* (citing *Kennett-Murray Corp. v. Bone*, 622 F.2d 887 (5th Cir. 1980)). This court has reviewed Tom Sherk's supplemental affidavit and his deposition testimony, and finds the two are not inherently inconsistent. Accordingly, plaintiff's motion to strike is due to be denied.

### III. MOTION FOR SUMMARY JUDGMENT

There are genuine issues of material fact as to each of plaintiff's claims.[1] Even so, this court lacks jurisdiction over plaintiff's Title VII hostile work environment sexual harassment claim, because it is beyond the scope of plaintiff's EEOC charge. *See Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970)(Title VII complaint may encompass discrimination like or

---

[1] *See, e.g.,* the memorandum from one of this court's law clerks attached hereto.

3

related to allegations contained in the EEOC charge and growing out of such allegations during the pendency of the case before the Commission). Plaintiff's EEOC charge was limited to a claim that she was denied a promotion to the position of meat apprentice on April 2, 1992. (Defendant's Exhibit 7: Swanson's EEOC Charge.) Plaintiff's allegations of sexual harassment relate to incidents that occurred while she was employed in the Meat Department from April to August of 1994. Those incidents are too remote in time from her denied promotion two years earlier to reasonably be expected to grow out of the investigation of her denied promotion. Even if the two claims occurred within the same time period, a claim of failure to promote could not reasonably be expected to uncover incidents of sexual harassment. *Koster v. Chase Manhattan Bank*, 554 F. Supp. 285, 288 n.5 (S.D.N.Y. 1983)("an EEOC investigation into charges of sex discrimination in areas such as pay, promotion, and conditions of employment could not reasonably be expected to uncover incidents of sexual harassment"); *Montano v. Amstar Corporation*, 502 F. Supp. 295, 296 (E.D. Pa. 1980)(refusing to allow sexual harassment claim in judicial complaint where EEOC charge was limited to sex discrimination claims for pay, transfers, and promotions). Because plaintiff's Title VII hostile work environment sexual harassment claim is beyond the scope of her EEOC charge, it is due to be dismissed.

Although plaintiff's retaliation claim is based on the same incidents of alleged harassment, it is not due to be dismissed as

4

beyond the scope of plaintiff's EEOC complaint. As the Eleventh Circuit noted:

> it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court.
>
> There are strong practical reasons and policy justifications for this conclusion. It is the nature of retaliation claims that they arise after the filing of the EEOC charge. Requiring prior resort to the EEOC would mean that two charges would have to be filed in a retaliation case -- a double filing that would serve no purpose except to create additional procedural technicalities....

*Baker v. Buckeye Cellulose Corporation*, 856 F.2d 167, 168 (11th Cir. 1988)(quoting *Gupta v. East Texas State Univ.*, 654 F.2d 411, 411 (5th Cir. 1981)). Thus, plaintiff's "claim of retaliation could reasonably be expected to grow out of the original charge of discrimination." *Id.*, at 169.

### IV. CONCLUSION

An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 28th day of April, 1997.

_____
United States District Judge